## PETER SILVER *vs.* LYMAN B. FRAZIER.

The owner of land who has directed an agent to erect a house at a particular place thereon cannot maintain an action against a third person who, by false representations as to the true boundary line of the land, has induced such agent in the owner's absence to erect the house at a different place.

TORT. The first count was in trespass. The second was as follows: "The plaintiff also says that he employed a carpenter, one Ira P. Brown, of said Lynn, to prepare or cause to be prepared a spot, which was designated by the plaintiff, to dig and finish a cellar, and to erect and finish a dwelling-house thereon, on the plaintiff's land in said Lynn, for and on account of the plaintiff; that the plaintiff shortly afterwards went on a voyage to sea; that while so absent at sea, the said Brown, acting for the plaintiff, prepared the spot designated, caused a cellar to be dug and stoned up, and when he was about placing the dwelling house thereon the defendant falsely represented to the said Brown that the true division line between the land of plaintiff, on which said cellar was dug, and that of the adjoining owner, which was either the defendant's or had just been sold by him to one Hatch, ran about a foot nearer to the said cellar than it did in point of fact, and that the said house when built thereon would encroach upon the adjoining premises of defendant or his grantee, though the defendant knew at the time that the said line did not run as represented by him, but did run at a sufficient distance from said cellar to avoid any encroachment by the house to be erected thereon, upon the said adjoining land; and the defendant, knowing of the absence of the plaintiff and

taking advantage thereof, intended by said representations to induce and did induce the said Brown, the plaintiff's agent, to abandon the said spot on which he was directed by the plaintiff to erect the said dwelling-house, and to fill up the cellar he had dug, and to place the said dwelling-house upon another, more inconvenient and far less favorable part of the plaintiff's land, and the said Brown did so act and change the location of said house by reason of the said representations of the defendant, to the great damage and injury of the plaintiff."

At the trial in the superior court, *Putnam*, J. ruled that no cause of action was set out in the second count, and declined to admit any evidence under it. The plaintiff alleged exceptions to this ruling, and proceeded to trial upon the first count alone.

*J. C. Perkins*, for the plaintiff, cited *Green* v. *Button*, 2 Cr. Mees. & R. 707 ; *Foster* v. *Charles*, 6 Bing. 396 ; *Watson* v. *Poulson*, 7 Eng. Law & Eq. 585 ; *Murray* v. *Mann*, 2 Exch. 538 ; *Langridge* v. *Levy*, 2 M. & W. 519 ; S. C. 4 M. & W. 337 ; *Medbury* v. *Watson*, 6 Met. 246.

*W. Howland*, for the defendant, cited, in addition to some of the cases cited for the plaintiff, *Fitzsimmons* v. *Joslin*, 21 Verm. 129 ; *Hobbs* v. *Parker*, 31 Maine, 143 ; *Sandford* v. *Handy*, 23 Wend. 260 ; 2 Kent Com. (6th ed.) 487.

BIGELOW, C. J. No cause of action is set out in the second count of the declaration. Putting aside all other difficulties in the way of sustaining the plaintiff's case on the facts alleged, it appears to us that there are two obvious and insurmountable obstacles to the maintenance of the action. The first is, that the subject matter of the alleged false representations is one concerning which it must be presumed, in the absence of averments to the contrary, that the plaintiff and his agent had ample opportunity, by the use of due care and diligence, of obtaining information and discovering the exact truth. It is not alleged that the boundaries of the plaintiff's land were peculiarly within the knowledge of the defendant, or difficult of being ascertained by the use of means within the reach of the plaintiff's agent to whom the statements of the defendant were made, if he had

exercised ordinary vigilance. The presumption is certainly a reasonable one that an owner of land, by reference to his title deed, or his agent in his absence by a recourse to the record, can readily ascertain its true description and boundaries, and apply them by the most simple method to the earth's surface so as to fix with certainty the extent of his title. If he or his agent omits these ordinary precautions, and relies on the statements of others by which he is deceived or misled, no action can be maintained for any loss or injury which may follow. Such a case comes within the principle that false statements furnish no cause of action, if they relate to matters concerning which the persons to whom they are made, by the use of ordinary care and attention, can obtain full and accurate information. The law will not relieve those who suffer damages by reason of their own negligence or folly. It is on this ground that no action will lie to recover damages for representations concerning the value of property which is the subject of sale, or in relation to its qualities or characteristics, when they are open to the vendee, and can be readily discovered by inspection or examination. *Nowlan* v. *Cain, ante,* 263, 264.

The other objection to the maintenance of the action is, that the alleged loss or injury suffered by the plaintiff is not the direct and immediate result of the defendant's wrongful act. Stripped of its technical language, the declaration charges only that the agent employed by the plaintiff to do a certain piece of work disobeyed the orders of his principal, and was induced to do so by the false statements of the defendant. In other words, the plaintiff alleges that his agent violated his duty and thereby did him an injury, and seeks to recover damages therefor by an action against a third person, on the ground that he induced the agent by false statements to go contrary to the orders of his principal. Such an action is, we believe, without precedent. The immediate cause of injury and loss to the plaintiff is the breach of duty of his agent. This is the proximate cause of damage. The motives or inducements which operated to cause the agent to do an unauthorized act are too remote to furnish a good ground of action to the

plaintiff. The difficulty is not that there is a want of privity between the parties. No such element is essential to enable a party injured to recover damages occasioned by a tort. It is sufficient, in support of an action for deceit, to show that the false statement was made with a knowledge that it was to be acted on by the party injured, and that the act produces damage, although the representation was made to an intermediate person. This is settled by the leading case of *Langridge* v. *Levy*, 2 M. & W. 519; S. C. 4 M. & W. 337, and other cases of a similar nature which have followed it. In such case, the damage is the direct and immediate result of the fraud. But in the case at bar, the damage which the plaintiff has sustained is only the remote and consequential result of the alleged false statement of the defendant. *Exceptions overruled.*